IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-244(CKK) |
| | : | |
| ANTHONY GRIFFITH. | : | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE**

The Defendant, by and through his attorney Kira Anne West, respectfully requests that this Court suppress evidence in this case and in support of this motion, the Defendant asks for a hearing and submits the following:

**STATEMENT OF FACTS**

On March 4th, 2021, at about 6:30 a.m., Mr. Griffith was arrested at his place of work in Muskogee, Okla., by several agents. He was immediately handcuffed and his phone was taken from him "incident to arrest." He was driven to his home where agents executed a search warrant. He was described by the FBI agent as "cooperative." This trip from Muskogee to his house was from 6:38 am to 7:13 am. He was not mirandized. There is no recording of this trip in the car. After the search, they transported Mr. Griffith back to the Muskogee detention center and questioned him while he was under arrest. This interview was recorded via audio, and he was mirandized at that time. He was "in custody." The transport to the detention center was from 8:20 am to 8:55 am.

This form of interrogation is commonly known in Texas as "the Texas two-step" method of interrogation. It is a well known tactic of law enforcement.

The interview lasted approximately twenty minutes. The crux of whether or not Mr.

1

Griffith's waiver of his right to remain silent was voluntary and knowing starts before his questioning. Crucially, Mr. Griffith was questioned before his Miranda warning was given

Law: statements

The Supreme Court has determined that the Fifth and Fourteenth Amendment's prohibition against compelled self-incrimination requires that custodial interrogation be preceded by advice to the Defendant that he has the right to remain silent and the right to the presence of an attorney. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Miranda warnings are required before custodial interrogation begins. *Id*. at 444-45.  Before it can use any statements produced through custodial interrogation, the government has the burden to show that. "the defendant 'voluntarily, knowingly and intelligently' waived [these] rights." *J.D.B. v. North Carolina*, 564 U.S. 261, 269-70 (2011).  Moreover, the Government must show the statements were obtained without coercion or improper inducement. *Colorado v. Connolly*, 479 U.S. 157 (1986). Should a defendant make a statement, a court must examine the voluntariness of the particular statement and test whether the statement was freely given under the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *see also, Malloy v. Hogan*, 378 U.S. 1, 6- 7 (1964) (the constitutional inquiry is not whether the conduct of the law enforcement officers in obtaining the confession was shocking, but whether the confession was free and voluntary); *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The government bears the burden of proving by a preponderance of the evidence that a statement allegedly made by a defendant was voluntary, or fits into exceptions to this general rule. *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *United States v. Garcia*, 780 F. Supp. 166, 171 (S.D.N.Y. 1991). Without a valid Miranda waiver, the police may not ask questions, even during booking, that are designed

to elicit incriminatory admissions. *Pennsylvania v. Muniz,* 496 U.S. 582, 601-02 & n. 14. Accordingly, the questioning here by law enforcement officers did serve to elicit incriminatory admissions. The government bears the burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination when a defendant raises a colorable claim of coercion. *See Miranda* 384 U.S. at 475; 18 U.S.C. § 3501(b) (setting forth criteria for determining when a confession is "voluntary" or "coerced.") And when determining voluntariness of a statement, the "totality of the circumstances" must be examined, including the defendants individual characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. *United States v. Elie*, 111 F. 3d 1135, 1143-44, (4th Cir. 1997); *United States v. Pelton*, 835 F.2d 1067, 1071-72 (4th Cir. 1987). *Accord United States v. Van Metre*, 150 F 3d 339, 348-49 (4th Cir. 1998).

Most importantly, failure to give Miranda warnings and obtain a waiver of rights before custodial questioning generally requires exclusion of any statements obtained. *Missouri v. Siebert*, 124 S.Ct. 2601, 2602 (2004). This "question first" strategy by law enforcement was summarily struck down by the Court. *Id.*

**ARGUMENT**

First, these statements were obtained by improper inducement and were not voluntary. Mr. Griffith has a high school education and has had no contact with the criminal justice system. After arresting him, taking his phone and driver's license, FBI agents started questioning Mr. Griffith before any warning was given, making him comfortable and getting him to trust them.

3

Motion to suppress evidence:

At this time, it appears agents eventually got a warrant to search Mr. Griffith's phone but nothing was seized so nothing to suppress. Consent does not appear to be an issue.

Mr. Griffith stands on his position that his statements made to law enforcement officers (1) were not voluntarily given by him, and/or (2) the Miranda waiver was improperly taken by law enforcement officers. In this regard, Mr. Griffith is asking this court to find that his subsequent waiver was not voluntary, knowing, and intelligent "under the totality of the circumstances," *See United States v. Straker*, 800 F.3d 570, at 624-25 (D.C. Cir. 2015).

Respectfully submitted,

KIRA ANNE WEST

By: _____/s/_____
Kira Anne West
DC Bar No. 993523
712 H Street N.E., Unit 509
Washington, D.C. 20002
Phone: 202-236-2042
kiraannewest@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify on the 28th day of November, 2022, a copy of same was delivered to the parties of record, by ECF and email pursuant to the Covid standing order and the rules of the Clerk of Court.

_____/S/_____
Kira Anne West