UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY ALFRED GRIFFITH, SR.,<br><br>Defendant. | Criminal Action No. 21-244-2 (CKK) |

**OMNIBUS MEMORANDUM OPINION AND ORDER**
(February 16, 2023)

This criminal case is one of approximately one thousand arising from the insurrection at the United States Capitol on January 6, 2021. For his actions at the Capitol on January 6, Defendant Anthony Alfred Griffith ("Defendant" or "Griffith") is charged by indictment with four misdemeanor counts. Before the Court are the Government's [108] Omnibus Motion in Limine, Defendant's [92] Motion in Limine as to Certain Subjects, [93] Motion in Limine, and [95] Motion in Limine to Exclude Evidence Concerning Conduct by Others than Defendant. Upon consideration of the briefing,[1] the relevant legal authorities, and the entire record, the Court shall **GRANT IN PART, DENY IN PART, AND HOLD IN ABEYANCE IN PART** the

---

[1] The Court's consideration has focused on:
- The Government's Statement of Facts in Support of its Sealed Complaint, ECF No. 1-1 ("Aff."); and
- the Indictment, ECF No. 12;
- Defendant's Motion in Limine as to Certain Subjects, ECF No. 92;
- Defendant's Motion in Limine, ECF No. 93;
- Defendant's Motion in Limine to Exclude Evidence Concerning Conduct by Others than Defendant, ECF No. 95;
- The Government's Omnibus Motion in Limine, ECF No. 108;
- Defendant's Response to Government's Omnibus Motion in Limine, ECF No. 112; and
- The Government's Response to Defendant's Motion in Limine to Preclude Certain Evidence at Trial, ECF No. 113 ("Gov.'s Opp.").

Neither party filed a reply.
In an exercise of its discretion, the Court has concluded that oral argument would not be helpful in the resolution of the Motions.

1

Government's [108] Omnibus Motion in Limine, **DENY IN PART, DENY AS MOOT IN PART, AND HOLD IN ABEYANCE IN PART** Defendant's [92] Motion in Limine as to Certain Subjects, **DENY IN PART AND HOLD IN ABEYANCE IN PART** Defendant's [93] Motion in Limine, and **DENY** Defendant's [95] Motion in Limine to Exclude Evidence Concerning Conduct by Others than Defendant each Motion.

## I. BACKGROUND

Briefly, the Court restates some of the background discussed in the Court's last memorandum opinion in this case, *United States v. Griffith*, 2023 WL 1178192 (D.D.C. Feb. 6, 2023). Defendant is charged by indictment with: (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation 18 U.S.C. § 1752(a)(2); (3) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Indictment, ECF No. 12. These charges arise from Defendant's alleged conduct during the insurrection of January 6, 2021. The Government alleges that Defendant traveled from Oklahoma to the District of Columbia for then-President Donald J. Trump's "Stop the Steal" rally. *See* Aff. at 4. After the rally, Griffith, with co-Defendant Jerry Ryals, allegedly made his way to the Capitol and entered the building with the crowd. *Id.* at 4-5. Griffith also purportedly took photos of armored police battling with insurrectionists on the West Front of the Capitol. *Id.* at 5 (figure 4).[2] This case is set for a bench trial on March 13, 2023.

---

[2] Defendant's motion to suppress those inculpatory statements remains pending. At the time of his arrest, Defendant made a number of inculpatory admissions to law enforcement confessing his conduct, although he maintains that he did not know it was unlawful for him to enter the Capitol. *See id.*; ECF No. 106-5 (recorded interview of Defendant conducted by FBI agents). The Court's analysis here does not rest in any substantial part on these alleged statements.

## II.  DISCUSSION

**A. Defendant's Motions in Limine**

Defendant raises a substantial number of challenges to a variety of hypothetical exhibits and testimony. For the vast majority of these challenges, Defendant argues that admission would unduly prejudice him pursuant to Federal Rule of Evidence 403. Although the United States Court of Appeals for the District of Columbia Circuit has never precisely held as much, the various Courts of Appeals are in relative unanimity that prejudice objections "have no logical application in bench trials[;] . . . excluding relevant evidence on the basis of unfair prejudice [in a bench trial] is a useless procedure." *E.g.*, *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).[3] Commentators agree. *E.g.*, Stephen A. Saltzburg *et al.*, *Federal Rules of Evidence Manual* § 403.02[13] (12th ed. 2019) (Because "we presume that trial judges are unlikely to rule emotionally, or to misuse evidence, in the way that juries might," "[w]here a case is tried to a judge, the risk of prejudice is not a proper ground for excluding evidence under Rule 403."); Muller & Kirkpatrick, *Federal Evidence* § 413 (4th ed. 2013). The Court effectively adopted this rule in a recent insurrection-related prosecution and more explicitly adopts it here, joining at least one other judge of this jurisdiction. *See United States v. MacAndrew*, Crim. A. No. 21-730 (CKK), 2022 WL 17961247, at *3 (D.D.C. Dec. 27, 2022).[4] Because each of Defendant's Rule 403 objections are based exclusively on the risk of unfair prejudice, they are **OVERRULED**.

---

[3] *Accord Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994); *United States v. Hall*, 202 F.3d 270, 2000 WL 32010, at *2 (6th Cir. Jan. 4, 2000) (unpublished); *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009); *United States v. Vigne*, 571 F. App'x 932, 934 n.2 (11th Cir. 2014). *Cf. also United States v. Raymond*, 697 F.3d 32, 39 n.6 (1st Cir. 2012) (favorably noting such approach but declining to explicitly adopt it); *Towe v. U.S. Dep't of Treasury*, 168 F.3d 502, 1999 WL 96453, at *3 (9th Cir. 1999) (unpublished) (similar).

[4] *Accord, e.g.*, *United States v. Fitzsimons*, --- F. Supp. 3d ---, 2022 WL 1658846, at *5 n.6 (D.D.C. May 24, 2022) (RC); *United States ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 258 (D.D.C. 2021) (RC).

Turning to Defendant's objections in more detail, in his first motion in limine, he raises six challenges. First, he moves to exclude "[a]ny news reports during and after January 6, 2021 that mention police personnel that died" on Rule 403 grounds. Because the Government has represented that it does not intend to introduce any such news reports, this request is **DENIED AS MOOT** on the present record.

Second, Defendant moves to exclude reference to former President Trump's challenges to the outcome of the 2020 Presidential Election in his scores of lawsuits during 2020 and 2021 on Rule 403 grounds. Because the Government has represented that it does not intend to introduce any such material, this request is also **DENIED AS MOOT** on the present record.

Third, Defendant moves to exclude "[a]ny reference to the proud boys, patriot boys, three percenters[,] or oath keepers" on Rule 403 grounds. Because the Government has represented that it does not intend to introduce any such material, this request is also **DENIED AS MOOT** on the present record.

Fourth, Defendant moves to exclude "[a]ny photos taken from Mr. Griffith's phone that are irrelevant to this case" on relevancy and prejudice grounds. Because the Court has not reviewed any such photos, and it may be the case that some photos are, in fact, relevant/irrelevant, this request is **HELD IN ABEYANCE** pending trial.

Fifth, Defendant moves to exclude his mug shot on Rule 403 grounds. Because the Government has represented that it does not intend to introduce Defendant's mug shot, this request is also **DENIED AS MOOT** on the present record.

Sixth, Defendant moves to exclude "[r]eferences to violence at the West Terrace Tunnel, the breach of the Capitol on the East side at the Rotunda doors, the initial breach at the Senate Wing Doors[,] and any other breach at the Capitol other than the doors" through which Defendant

entered.  This request appears quite similar to Defendant's third motion in limine to exclude all "conduct by others other than defendant," relying on Rules 401, 402, and 403.  The Court shall take this set of objections together.

As the Court explained in *MacAndrew*, "the size of the crowd, political leaders, and false allegations of voter fraud and election interference all go to intent, motive, and preparation." 2022 WL 17961247, at *3.   For example, to prevail on all charges, the Government must identify a cause for which Defendant demonstrated, *United States v. Rivera*, --- F. Supp. 3d ---, 2022 WL 2187851, at *7 (D.D.C. June 17, 2022), and must show that Defendant specifically intended to impede or disrupt Congressional proceedings, *United States v. Grider*, --- F. Supp. 3d ---, 2022 WL 17829149, at *10-11 (D.D.C. Dec. 21, 2022).  Statements by political leaders and the conduct and statements made by the mob surrounding Defendant both bear on Defendant's mental state at the time of the charged offenses.  *See id.* at *11-12.

Although the Government has not charged conspiracy in most January 6th cases, the collective nature of the mob likens these cases to those involving criminal conspiracies where individuals work in concert to achieve a collective goal—here, the disruption of Congressional proceedings.  *See* 2022 WL 17829149, at *10-12.  For such offenses, "the [G]overnment is usually allowed considerable leeway in offering evidence of other offenses to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *See United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000).  Indeed, prejudice only arises in these circumstances where there is a substantial risk that the factfinder will convict a defendant based on character evidence.  *See United States v. McGill*, 815 F.3d 846, 887 (D.C. Cir. 2016).  This "general" evidence is a far cry from *Defendant's* prior "bad acts" that implicate any risk of

prejudice. Moreover, the Government does not seek to convict Defendant here because he engaged in purported "bad" conduct in the past. Rather, the Government understandably seeks to admit evidence of, for example, Defendant's political beliefs only to show Defendant's state of mind and intent on January 6, 2021. Because the conduct of others and Defendant's political beliefs are not "bad act" evidence under Rule 404(b) and are otherwise relevant, such evidence is admissible.

Moreover, what Defendant saw and heard around him goes precisely to his knowledge and intent. What he was able to observe around him at the Capitol informs his actions and "mental state at the time of the charged offenses." *MacAndrew*, 2022 WL 17961247, at *3. As such, any objection to the introduction of evidence regarding those around him fails.

Altogether, Defendant's sixth objection in [92] Motion in Limine as to Certain Subjects is **OVERRULED** and his [95] Motion in Limine to Exclude Evidence Concerning Conduct by Others than Defendant is **DENIED**.

That leaves Defendant's [93] Motion in Limine, in which Defendant moves to exclude: (1) any reference to the terms "rioters," "breach," "confrontation," "police line," "anti-government extremism," "insurrectionists," and "mob;" and (2) any efforts by the Government to "introduce evidence, make prejudicial statements, or ask prejudicial questions about" about Defendant's purportedly negative "views about the government."

As to the first request, it appears Defendant fears that these terms will appear in certain Government exhibits and therefore constitute inadmissible hearsay or lay opinion testimony by a witness (those on video or those who edited certain videos) not present at trial. To the extent that such terms will appear in Government exhibits, the Court assures the parties that its consideration of the evidence will be guided only by what the videos actually depict, not editorialization superimposed on the videos themselves. To the extent that Defendant moves to exclude any use

of these words on prejudice grounds, that objection fails for the reasons stated above.[5] The Court **HOLDS IN ABEYANCE** the remainder of this objection because it has not yet reviewed the videos in question.

As to the second request, Defendant's views about the federal government are, in fact, at the heart of this case. As already noted above, the Government must demonstrate, among other things, a particular cause for which Defendant allegedly demonstrated, and the Government may show by circumstantial evidence, if applicable, that such a cause was general opposition to the federal government. *See Rivera*, 2022 WL 2187851, at *7 Therefore, this second objection is **OVERRULED**.

Altogether, the Court holds in abeyance only two objections pending trial: (1) a relevance objection to certain photos retrieved from Defendant's phone, and (2) a hearsay objection to certain purported statements in video exhibits. The remainder of Defendant's objections are either overruled on the merits or denied as moot.

### B. The Government's Omnibus Motion in Limine

The Government makes six requests in limine: (1) to limit cross-examination of United States Secret Service ("Secret Service") and United States Capitol Police ("Capitol Police") on the basis of national security; (2) to preclude Defendant from raising a legal argument that any of his speech on or about January 6, 2021 was protected by the First Amendment; (3) to hold admissible

---

[5] That said, it must be noted that, for certain defendants and certain types of conduct, these terms are accurate. There were rioters present at the Capitol on January 6, 2021, and there were insurrectionists there, too. The Court necessarily offers no legal opinion on whether any defendant is or could be guilty of the crime of "insurrection" (18 U.S.C. § 2383); no defendant has even been charged with such an offense. Merely as a factual matter, however, it is eminently clear that certain defendants violently "revolt[ed] against civil authority" on January 6, 2021. *See Insurrection*, Merriam-Webster.com Dictionary (last accessed Feb. 12, 2023); *Insurrection*, Black's Law Dictionary (11th ed. 2019); *United States v. Munchel*, 991 F.3d 1273, 300 (D.C. Cir. 2021) (characterizing events of January 6, 2021 as "insurrection").

Defendant's statements as non-hearsay when offered by the Government; (4) to hold inadmissible Defendant's statements as hearsay when offered by Defendant; and (5) to judicially notice certain statutes and records.[6]  The Court proceeds to each request in turn.

*First*, the Government mainly requests that the Court preemptively limit cross-examination to bar Defendant from eliciting testimony regarding the placement of Capitol Police CCTV cameras and specific procedures regarding the movement of the Vice President's protective detail. For the most part, Defendant represents that he will not pursue such lines of questioning, but he does intend to question Secret Service and Capitol Police witnesses regarding (1) why no CCTV cameras were present in a room Defendant allegedly entered in the Capitol and (2) law enforcement failures to quell the insurrection generally.  In other words, Defendant argues that police "allowed the area to be unrestricted for purposes of [s]ection 1752 violations by failing to maintain a perimeter." Repl. at 8.  This argument lacks legal relevance.

Once the evidence establishes that the Capitol grounds were, in fact, restricted, whether *additional* measures could have been taken to *further* restrict the area is not relevant.  *Cf.* Order, ECF No. 92 at 4, *United States v. Griffin*, Crim. A. No. 21-092 (TNM) (Mar. 18, 2022) (for purposes of section 1752 charges, only Vice President's presence in Capitol is relevant; precisely how and where he was protected is not).  For example, once it is established that the federal government took some measures to restrict an area, and those measures made a defendant aware he is trespassing, whether the federal government could have built *more* barriers or barred any member of the public from accessing the area is generally irrelevant to the inquiry.  *See United States v. Wright*, Case No. 5:21-po-0583-SAB-1, 2022 WL 4537799, at *7 n.7 (E.D. Cal. Sept. 28,

---

[6] Filed before the Court converted the trial to one before the Court, the Government in its Motion also requested that the Court bar Defendant from arguing that the jury should return a nullification verdict.  This request is now moot; needless to say, the Court will not entertain any argument in favor of nullification.

2022) (for purposes of criminal statute barring trespass in military facility, "[t]he ability to enter a military base at one point without physically bumping into a fence or a warning sign does not equate" to the area being unrestricted).[7]

True, whether individual law enforcement officers were ordered to "stand down" in order to "un-"restrict Capitol grounds may go to whether Capitol grounds were in fact "restricted" on January 6, 2021, but that is not Defendant's argument. Rather, Defendant seeks to shift the blame to law enforcement, as if barriers, signs, and police lines are not enough to place members of the public on notice that they were entering a restricted area. The Court rejected such an approach in *MacAndrew* and does so again here. 2023 WL 196132 at *6-7. Assuming Defendant's proposed facts, rioters cannot simply "annex" Capitol grounds in such a way as to un-restrict an area by forcing law enforcement's retreat.

Nor is a line of questioning permissible insinuating that law enforcement caused disruption to Congressional business rather than rioters and insurrectionists. Section 1752 includes no requirement that the Government establish but-for causation. *Rivera*, 2022 WL 2187851, at *6 n.15. In other words, the Government need not establish that Defendant was the *sole* cause of disruption to Congressional business through disorderly conduct. *Id.* at *6. Rather, the Government need only demonstrate that Defendant *in some part* disrupted or impeded Congressional business. *Grider*, 2022 WL 17829149, at *13. Whether others (including, in Defendant's meritless view, law enforcement protecting the Capitol) were disruptive does not make it particularly less likely that *Defendant* in fact disrupted Congressional business. Not only is this line of questioning legally irrelevant, a minitrial on law enforcement alleged security failures

---

[7] *Cf. also United States v. Apel*, 571 U.S. 359, 373 (2014) (for purposes of same statute, that some members of public were admitted into facility immaterial once Government established facility was, in fact, restricted).

would be an utter waste of time. *Cf. United States v. Dohan*, 508 F.3d 989, 993 (11th Cir. 2007) (finding no abuse of discretion in exclusion chart of cooperating witness's profits in charged Ponzi scheme as waste of time).

Therefore, the Government's first request to limit cross-examination of Secret Service and Capitol Police is **GRANTED**.

*Second*, to the extent that Defendant intends to argue as a legal matter that any conduct in evidence is constitutionally protected, he may certainly do so through allocution at the end of the Government's case-in-chief or during closing arguments in favor of a Rule 29 motion for acquittal. As the Government notes, no court of this jurisdiction has sustained such an argument, *see, e.g.*, *United States v. Chansley*, 525 F. Supp. 3d 151, 164 (D.D.C. 2021), but the Court will not preemptively limit legal argument in closing. Therefore, the Government's request that the Court exclude such argument is **DENIED**.

*Third*, Defendant concedes that statements offered against him are admissible as statements by a party opponent. To the extent Defendant argues that certain statements should be played in their entirety for completeness, such an argument goes only so far. Rule 106 directs the Court to "permit such *limited portions* [of a statement] to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence." *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) (emphasis added). This rule is only "invoked rarely and for a limited purpose." *Id.* That said, because the Court has not reviewed all statements the Government may seek to introduce, the Court will leave any completeness objections for trial. The Government's specific request to hold Defendant's statements as non-hearsay when offered against him is **GRANTED**.

*Fourth*, Defendant argues that any of his statements made to law enforcement are

admissible against the Government as law enforcement's adoptive statements. Strictly speaking, Defendant concedes that *his* statements are hearsay and inadmissible unless an exception applies. Defendant then notes that, when one of his statements is introduced through a Government witness, that Government witness can then be questioned about the statement on cross-examination. Yet Defendant appears to go further to suggest that Defendant can introduce his statements through a Government witness in his case-in-chief because "any statement made to an agent of the United States, and memorialized by that agent, then becomes the agent's statement." Def.'s Opp. at 7. That is not the law. Statements made to law enforcement, when offered through a law enforcement officer, are nevertheless hearsay. *See United States v. Sutton*, --- F. Supp. 3d ---, 2022 WL 13940371, at *8-9 (D.D.C. Oct. 23, 2022). As such, the Government's fifth request is **GRANTED**, and the Court holds that any statements made by Defendant are generally inadmissible hearsay.

*Fifth*, Defendant represents that the parties are likely to stipulate to the admissibility of these proposed exhibits. As such, the Court **HOLDS IN ABEYANCE** the Government's request to judicially notice these statutes and Congressional records.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART, DENIES IN PART, AND HOLDS IN ABEYANCE IN PART** the Government's [108] Omnibus Motion in Limine, **DENIES IN PART, DENIES WITHOUT PREJUDICE AS MOOT IN PART, AND HOLDS IN ABEYANCE IN PART** Defendant's [92] Motion in Limine as to Certain Subjects, **DENIES IN PART AND HOLDS IN ABEYANCE IN PART** Defendant's [93] Motion in Limine, and **DENIES** Defendant's [95] Motion in Limine to Exclude Evidence Concerning Conduct by Others than Defendant each Motion.

Specifically, Defendant is precluded from eliciting testimony regarding security failures generally and in an effort to demonstrate (1) the Capitol grounds were not, in fact, restricted for the purposes of 18 U.S.C. § 1752 or (2) that Defendant did not, in fact, disrupt Congressional business.

However, Defendant may elicit testimony regarding which authority designated Capitol grounds as restricted, how that authority did so, and if and when that same authority allegedly "un"-restricted Capitol grounds on January 6, 2021.

The Court holds admissible as non-hearsay Defendant's statements when offered by the Government and finds inadmissible as hearsay Defendant's statements when offered by Defendant in his case-in-chief unless an exception applies.

The Court holds in abeyance three requests pending trial: (1) a relevance objection to certain photos retrieved from Defendant's phone, (2) a hearsay objection to certain purported statements in video exhibits, and (3) the Government's request that the Court judicially notice certain statutes and Congressional records pending the parties' stipulations

Objections to the following evidence are denied as moot: (1) any news reports during and after January 6, 2021 that mention police personnel that died; (2) any reference to former President Trump's challenges to the outcome of the 2020 Presidential Election in his scores of lawsuits during 2020 and 2021; and (3) Defendant's mug shot.

The Court makes these evidentiary rulings on the present record and may revisit them at trial.

**SO ORDERED**.

Dated: February 16, 2023                                                     /s/
                                                                          COLLEEN KOLLAR-KOTELLY
                                                                          United States District Judge