IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-244 (CKK) |
| | : | |
| | : | |
| ANTHONY GRIFFITH | : | |

## DEFENDANT'S TRIAL BRIEF ON RELEVANCY

Comes now, Defendant, Anthony Griffith, and files this Trial Brief on Relevancy. Specifically, the Court has questioned the relevance of potential testimony of witnesses subpoenaed by the defendant to testify about a document provided to the defendant as part of the government's global discovery in this case. This document is the United States Capitol Police CDU Operational Plan (hereinafter Ops Plan) dated January 5, 2021. (Exhibit A – sealed). This 17 page document contains details regarding United States Capitol Police planned operations for January 6, 2021, in relation to the restricted perimeter around the Capitol, permitted demonstration areas, mission objectives, and CDU staffing for the operational period of Sunday, January 3, 2021, through Saturday January 9,

1

2021.  (Ops Plan at 1.)  It should be noted that although dated January 5, 2021, the document purports to cover a time period that began two days earlier.  Additionally, this document has an attached map that appears to show the expected placement and location of "bike racks" for the events of January 6, 2021.

Factual Background

Defendant Griffith seeks to call several witnesses to testify about the creation and implementation of this Ops Plan in his case in chief.  These witnesses had been noticed to the government on March 6, 2021 in accordance with the Court's pretrial order and the Ops Plan was on the defense exhibit list and in the uploaded exhibits exchanged with the government prior to March 6, 2021.  When the witnesses were subpoenaed, they were additionally informed that their testimony would concern the creation and implementation of the Ops Plan and the witness list also notated the Ops Plan after several witnesses.

The government prosecutors inquired yesterday about the purpose of the examination of these witnesses via phone call to undersigned counsel last night.  They initially expressed concern about calling USCP legal counsel for a misdemeanor case to ask about an Ops plan.  They were informed by undersigned counsel that the primary purpose for these witnesses would be about the restricted perimeter established by the U.S. Capitol Police on January 6, 2021, and what

2

access, if any, was allowed that day to members of the general public within such a perimeter as documented in the Ops Plan. Each witness sought for this testimony is listed by name in the Ops Plan document. Defendant contends that these witnesses and their testimony is relevant information and supports his contention that the restricted area on January 6, 2021, was not as it has been represented so far in this case by witnesses called by the prosecution. Specifically, Captain Baboulis testified on Monday (March 13, 2023) that the restricted perimeter established on January 6, 2021, matched an area outlined in red on a map introduced as government's exhibit 102 and pictured in Figure 1 below.



*Figure 1*

As defense counsel recalls her testimony, Captain Baboulis also testified that no groups or members of the public were allowed within the area outlined in red, which she said represented the restricted perimeter established for January 6, 2021. Defense counsel asked several lines of questions regarding where permitted demonstrations could occur that day and Captain Baboulis testified that no demonstrations at all were to occur inside the red-lined perimeter, though on other occasions she admitted demonstrations had been authorized on the West Lawn

closer to the Capitol. In short, Captain Baboulis maintained that the red-lined area of the map restricted the area around the Capitol on January 6, 2021, and that no members of the public were allowed to be within the restricted perimeter.

Captain Baboulis' testimony goes directly to a fact of consequence in this case: the boundary of the restricted perimeter around the Capitol. Moreover, her testimony – proffered by the prosecution to support its charges against Defendant Griffith – was that members of the public were not permitted to enter and remain on Capitol grounds past the boundary indicated on exhibit 102. Defendant Griffith contends that the Ops Plan, in effect on January 6, 2021, not only calls the credibility of Captain Baboulis' testimony into question, but also creates doubt about the location and placement of "posted or cordoned off" areas at the Capitol and the grounds that day. That issue of fact goes directly to the heart of the charges alleging that Mr. Griffith violated Section 1752.

In particular, The Ops Plan contains a section labeled "Current Permitted Events for this operational period." The first entry in that section describes an event entitled "Donald, You're Fired March on DC." (Ops Plan at 2.) The location of this event is listed as the "U.S. Capitol to White House" from 1200-1500 hours with the attendance listed as "Unknown." The Ops Plan describes this "permitted event" as follows:

> ***On January 6th, 2021, at 12:00 p.m.***, Eastern Time, We the People will ***convene at the steps of the United States Capitol*** to witness this momentous occasion.  Upon the declaration the results [sic] of the 2020 elections, held on November 3rd, 2020, We the People will proceed, peacefully and safely, from the Capitol Building to the White House to deliver the message to Mr. Trump, "Donald, You're Fired!

(*Id.* (bold and italics added).)

Additionally, a map attached to the Ops Plan differs significantly from the red-lined map offered into evidence in this case.  (*Id.* at 17.)

<u>Argument</u>

Under the Federal Rules of Evidence, relevant evidence is admissible unless an applicable rule of law, like the Fifth Amendment, provides otherwise. Fed. R. Evid. 402.[1]  Evidence is relevant, and thus admissible, if it tends to make a fact "of consequence in determining the action" more or less probable.  Fed. R. Evid. 401.

Because the fact that law enforcement officials planned to allow members of the public to gather "at the steps of the United States Capitol" during the afternoon of January 6, 2021, is "of consequence in determining" one or more charges

---

[1] While the government maintains that the Ops Plan is not relevant, it has not established that any rule of law prohibits the Court from receiving such evidence if it is relevant.

6

against Defendant Griffith makes evidence tending to prove that fact relevant and therefore admissible. Here's why:

Griffith is charged with violating 18 U.S.C. § 1752(a)(1) by entering or remaining in a "restricted building or grounds without lawful authority." Given the statutory definition of "restricted building or grounds," this charge depends on the premise that Griffith entered an area near the Capitol that was "posted, cordoned off, or otherwise restricted" by appropriate authorities. *Id.* § 1752(c)(1).[2]

If, in fact, the Capitol Police planned to allow a "permitted event" organized by someone calling themselves "I Approve This Message"—with "unknown" attendance—to gather on the Capitol's steps at noon on January 6 and for hours thereafter, it would undermine the factual premise of the prosecution's charges against Griffith. If, as the Ops Plan appears to tend to prove, the law enforcement agencies at the Capitol were prepared to allow unidentified members of the public—without tickets or any limitation in number or kind—to enter and remain in the immediate vicinity of the Capitol, the premise that such territory satisfies the statutory definition of "restricted" cannot hold.

---

[2] Griffith also is alleged to have violated 18 U.S.C. § 1752(a)(2) by certain conduct relating to a restricted building or grounds, which also depends on the existence and scope of such restricted territory.

As the Court observed in its order on the motions in limine, it is germane to the elements of the Section 1752 charges whether "the federal government took some measures to restrict an area." (ECF No. 121 at 8 (Feb. 16, 2023).) It also would be germane, to use the Court's words, "whether individual law enforcement officers were ordered to 'stand down' in order to 'un-'restrict Capitol grounds [as that] may go to whether Capitol grounds were in fact 'restricted' on January 6, 2021. (*Id*. at 9.) By the same reasoning, it is "of consequence" in determining whether those grounds "were in fact 'restricted' on January 6" whether law enforcement officers had planned to allow an unspecified number of unidentified members of the public to convene on or around the Capitol's steps that afternoon.[3]

The government seems to contend that the Ops Plan has been misconstrued by the defendant – but that goes to the weight of the evidence, not its admissibility. So too would the unproved proffer by the government that the "Donald, You're Fired March on DC" never obtained a permit as stated in the Ops Plan despite indications to the contrary on the document itself. That argument justifies

---

[3] This evidence of plans to allow unknown members of the public to gather on the Capitol steps during the afternoon of January 6, 2021, tends to make the facts of this case far different from those in many other Section 1752 cases, such as ones in which the "trier of fact could presume as a matter of common knowledge that an ordinary citizen without any known authorization would be allowed inside the White House or on its grounds." *U.S. v. Jabr*, 4 F.4th 97, 105 (D.C. Cir. 2021),

testimony to establish facts, rather than foreclosure of this relevant factual topic. The proffer by government counsel that "there was no permit issued for this group" is not sufficient to deny the defendant the ability to present evidence in his own defense and to address specific elements of the counts for which he is charged.

      Mr. Griffith possesses a Sixth Amendment right to mount a defense to this prosecution. *See, e.g., Faretta v. California*, 422 U.S. 806, 818 (1975) ("In short, the [Sixth] Amendment constitutionalizes the right in an adversary criminal trial to make a defense as we know it."). "Few rights," in fact, "are more fundamental than that of an accused to present witnesses in his own defense." *Taylor v. Illinois*, 484 U.S. 400, 408 (1988). This Court should allow examination and testimony regarding the Ops Plan and how it illuminates the actual extent of "any restricted building or grounds" on January 6, 2021, including the document's discussions of restricted areas, "Donald, You're Fired March on DC" event, other "Permitted Demonstration Activity" listed on page 13 and the map attached to the document labeled "Security Perimeter Joint Session January 3-9, 2021."

                                           Respectfully Submitted,


                                           By: Nicole Cubbage

                                       /s/  Nicole Cubbage
                                       Nicole Cubbage
                                       DC Bar No. 999203
                                       712 H. Street N.E., Unit 570
                                       Washington, D.C.  20002
                                       703-209-4546
                                       cubbagelaw@gmail.com
                                       Attorney for Anthony Griffith


                                       /s/
                                       Kira Anne West
                                       DC Bar No. 993523
                                       712 H. Street N.E., Unit 509
                                       Washington, D.C.  20002
                                       (202)-236-2042
                                       kiraannewest@gmail.com
                                       Attorney for Anthony Griffith


Certificate of Service

I certify that a copy of the forgoing was filed electronically on ECF for all parties of record on this 14th day of March 2023.

                                                    /s/
                                         Nicole Cubbage
                                       Attorney For Anthony Griffith