# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY ALFRED GRIFFITH, SR.,<br><br>Defendant. | Criminal Action No. 21-244-2 (CKK) |

**ORDER**
(March 15, 2023)

This criminal matter is currently in its third day of a trial before the Court. Defendant has orally moved *in limine* for the inclusion of testimony from a United States Capitol Police witness as to restrictions on public access to the grounds of the United States Capitol on January 6, 2021. The Government opposes this motion, considering such testimony irrelevant. The parties have since submitted briefing on the docket. The Court concludes that the proffered testimony is nonspeculative, helpful to the defense, and relevant, though its weight ultimately may be minimal. Therefore, although this presents a close question, the Court **GRANTS** Defendant's oral motion *in limine* over the Government's opposition.

As a general matter, the Compulsory Process Clause guarantees the right of a criminal defendant, no matter the charges he faces, to compel non-speculative, helpful, and otherwise admissible testimony. *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *United States v. Barnes*, 560 F. App'x 36, 40 (2d Cir. 2014) (speculation). For Counts Two and Three of the operative indictment, the Government must show beyond a reasonable doubt that the area in which Defendant allegedly entered or remained was "restricted" within the meaning of 18 U.S.C. § 1752(a). *United States v. Rivera*, 607 F. Supp. 3d 1, 8 (D.D.C. 2022). Although there are any number of "temporary and permanent ways an area may be restricted" for the purposes of section 1752, *United States v. Griffin*, 549 F. Supp. 3d 49, 54 (D.D.C. 2021), it is nevertheless incumbent upon the Government to establish that the area was, in fact, restricted when a defendant allegedly entered.

To this end, the Government presented testimony on the first day of trial from Captain Jessica Baboulis of the United States Capitol Police, who testified that Capitol grounds were closed to members of the public on January 6, 2021. Defendant, however, has identified a Capitol Police "operational plan" dated January 5, 2021, that appears to list a demonstration permitted to occur on the Capitol steps on January 6, 2021. Defense counsel has focused on this one alleged permit. If this demonstration was authorized and occurred, Defendant argues, then at least one area Defendant allegedly entered could not have been restricted for the purposes of the charged subsections.

Assuming *arguendo* that any permit was issued and its recipients in fact demonstrated on the Capitol steps on January 6, 2021, the Court agrees with the Government that a singular

1

exception to the general rule that an area is off-limits to the general public does not itself render an area unrestricted. For example, where the President of the United States holds a political rally in an area that might otherwise be open to the public and invites certain members of the public to attend, such an area nevertheless remains restricted as to the rest of the general public. *See United States v. Bursey*, 416 F.3d 301, 307-08 (4th Cir. 2005) (aircraft hanger in which President held political rally was restricted area for purposes of section 1752). The only reason why inquiry into *this* permit is relevant is because it bears on whether so many members of the public were permitted to enter an otherwise "restricted" area as to effectively "un"-restrict the area.

Although the Court does not venture a guess as to at what point the area in which a protest was allegedly permitted might lose its "restricted" nature, such an argument is certainly viable here. Therefore, Defendant's proffered testimony is relevant, material, and nonspeculative insofar as it relies on a government document lending credence to the proffered testimony. Although it may be the case that no such permit was ever granted or no such event ever occurred, as the Government asserts in relying principally on testimony in a prior trial, Defendant is entitled to test those factual assertions. The Government may also, if it so chooses, present evidence in rebuttal to support its factual position.

Accordingly, Defendant's oral motion *in limine* is **GRANTED**. Defendant shall be permitted to call a United States Capitol Police employee to testify as to the number of permits granted for public demonstration on Capitol grounds on January 6, 2021, the nature of those permits, and whether the events permitted ever occurred.

**SO ORDERED**.

Dated: March 15, 2023

                                                                          /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge