IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL NO. 21-CR-244(CKK) |
| : | |
| : | |
| ANTHONY GRIFFITH.   : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS UNDER FED R CRIM P 29**

The Defendant, by and through his attorneys Nicole Cubbage and Kira Anne West, replies to the government's response to defendant's motion to dismiss counts 2 and 3 under Federal Rule of Criminal Procedure 29.

An indictment must be dismissed if it fails to ensure that [the defendant] was prosecuted only on the basis of facts presented to the grand jury. *United States v. DuBo*, 186 F.3d 1177, 1180 (9th Cir. 1999), *citing United States v. Carll*, 105 U.S. 611, 613 (1881). The government incorrectly states that the defense moved for dismissal of these counts pursuant to Federal Rule of Criminal Procedure 12. *See* Gov't response, ECF 136 @1-2, fn1. This is not so.1The motion for judgement of acquittal was made after the government rested pursuant to Federal Rule of Criminal Procedure 29. This Court took the motion under advisement immediately after the motion was made and did not rule on the motion but told the parties it would be discussed later. The defendant renewed his motion for judgment of acquittal on counts 2 and 3 of the indictment before the defense rested and before closing arguments. Again, the Court mentioned the need for

---

1 This argument is made without the benefit of the transcript of the trial, but undersigned counsel is sure that she made the motion pursuant not to Rule 12 but to Federal Rule of Criminal Procedure rule 29, motion for judgment of acquittal. It was the Court that brought up rule 12.

1

the government to read the motion which was slightly different that what the defense previously submitted to chambers via email on March 15, 2023, in response to the government's email to chambers. *See* Exhibit 1, defense email to chambers and the United States, incorporated herein. The defense moved for judgement of acquittal both as a legal matter and an evidentiary matter which was clearly spelled out in the defendant's email. There has been no "typographical error" on the part of the defendant as the government suggests.2

The government argues that the phrase in question, "…and Vice President-elect were then temporarily visiting…" *see* ECF No. 12, is "a useless averment." Gov't response at 7. But that's not the issue. The issue here is that the grand jury heard this very important fact and voted to indict Mr. Griffith based upon the fact that the Vice President-elect was visiting the Capitol at a certain time which presumably turns out not to be the case.3 This is not the case of the government "alleg[ing] a broader scheme yet prov[ing] a narrow one…." Gov't response at 10 (citations omitted). The government also relies on other decisions by other judges in this District, but none of those cases were a bench trial and a Rule 29 motion by the defense. The posture here is different. The Vice President and the Vice President-elect are not mutually exclusive beings, especially in the charged political atmosphere the grand jury found itself in when presented with facts for this indictment. This is not unlike what Judge Bates mentioned in *United States v. Quinn,* 401 F. Supp. 2d (DDC 2005*).* In *Quinn*, Judge Bates held that *Miller* and *Bain* hold that a person cannot be convicted of "an offense that is different from that alleged in the grand jury indictment." *Quinn,* 401 F. Supp. 2d 89, *citing Miller*, 471 U.S. at 142. Judge Bates mentions

---

2 The defense is also unsure what the government intends to relay by the notation of "[sic]." The defense has complete confidence in this Court's ability to understand the arguments of both sides.
3 The defense says "presumably" based on the fact that no evidence was presented by the government in the case about the Vice President-elect at all.

that the potential for prejudice (the jury seeing the indictment) as substantial "because of the seriousness with which the government and the public treat the present war on terrorism." *Quinn* at 97-98.

Likewise, this is not a mere "excess allegation" as the government argues. Gov't response at 13. "Ignoring or striking" the language does not narrow the scope of the charges but rather broadens and varies the scope of the indictment. As this Court stated in *United States v. Barrow*, 2021 US Dist. Lexis 30925 (CKK), "the facts have yet to be proved." The indictment needs to inform the defendant of "the precise offense of which is accused so he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." *Id*. at 6, *citing United States v. Verrusio*, 762 F. 3d 1, 13 (D.C. Cir. 2014). Unlike the defendant in *Barrow*, defendant Griffith is not speculating about an alleged deficiency in the grand jury. Rather, Griffith knows that the grand jury indicted him based on a fact not proven at trial. Here, there is nothing "conclusory or speculative" on the part of defendant's allegations-the offending language is on the face of the indictment returned by the grand jury. *See id*. at 20.

There are unanswered questions before this Court. Was it an error in the grand jury proceeding? *See* Fed.R. Crim. P 12(b)(3)(A)(v). Can it be that the addition of this language "substantially influenced the grand jury's decision to indict?" *See Barrow* at 4, *citing Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). This Court did not dismiss counts in *Barrow* because the defense could only show "mere suspicion" about the goings on of the grand jury. Here, the indictment was presented to the grand jury and returned by the grand jury and the government's proof at trial was different than what was charged. Second, the United States Attorney's Office superseded each and every other indictment in order to excise this false language, and third, the government did not prove this fact at trial even though they could have

elicited the fact that she was there that day.

Finally, the stipulations entered into by the parties has nothing to do with the fact that the government failed to prove or offer any evidence that the Vice President-elect was there or not. They could have put on evidence about her but chose not to. The stipulation says nothing about Ms. Harris so did they know then (when they signed the stipulation) that they couldn't prove that she was there that day or should have included her in their proposed stipulations? What we know is that they did not. The government never asked the defense to stipulate to this and the government imputing notice of what the government would prove through stipulations (or at trial) is disingenuous. Defense counsel may have an idea what the government's proof will be at trial, but it's not possible to know everything the government will present-that's why we have trials, to flush out the facts.4 And for the government to state that the defense "sandbagged" them or the Court is again disingenuous. Every other J6 indictment that included the "Vice President-elect" language was superseded to delete this false statement in every other indictment. The defense had no idea until trial what the government intended to put in evidence. The problem is that this Court cannot be assured that the defendant has not been prejudiced by the variance of proof here. If one grand juror voted for indictment because the government presented as fact that the Vice-President-elect was there visiting at the time Mr. Griffith was also there, then he is prejudiced by this and the counts should be dismissed.

---

4 The government's concentration on Federal Rule of Criminal Procedure 12 is misplaced and a red herring. This motion was made pursuant to Federal Rule of Criminal Procedure 29, and the government knows that.

                Respectfully submitted,

By:        /s/ *Kira Anne West*
          Kira Anne West
          DC Bar No. 993523
          712  H Street N.E., Unit  509
          Washington, D.C.  20002
          Phone:   202-236-2042
          kiraannewest@gmail.com

By:        /s/ *Nicole Cubbage*
          Nicole Cubbage
          The Law Office of Nicole Cubbage
          712 H St. NE, Unit# 570
          Washington, DC 20002
          703-209-4546
          Cubbagelaw@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify on the 3rd day of April, 2023, a copy of same was delivered to the parties of record, by  ECF and email  pursuant to the Covid standing order and the  rules of the Clerk of Court.

                /S/
              Kira Anne West