UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY GRIFFITH,<br><br>Defendant | Criminal Action No. 21-244-2 (CKK) |

**MEMORANDUM OPINION**
(May 5, 2023)

A bench trial concluded in this criminal matter on March 17, 2023. On the same day, Defendant moved to dismiss Counts Two and Three of the operative [12] Indictment as defective. Although Defendant initially moved pursuant to Federal Rule of Criminal Procedure 12, Defendant purports to rely now exclusively on Rule 29. Essentially, Defendant argues that these counts must be dismissed because the Indictment incorrectly claims that Vice President-elect Kamala D. Harris was present in the Capitol at the time Defendant entered the Capitol building and grounds. Assuming *arguendo* that Vice President-elect Harris was *not* at the Capitol at that time, dismissal is nevertheless unwarranted. Accordingly, the Court **DENIES** Defendant's [136] Motion to Dismiss Counts Two and Three of the Indictment ("Motion" or "Mot.").

### I. BACKGROUND

Counts Two and Three of the Indictment, filed March, 24, 2021, charge Defendant with: (1) Entering and Remaining in a Restricted building, in violation of 18 U.S.C. § 1752(a)(1); and (2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2). Like most indictments in cases arising from the insurrection of January 6, 2021, the indictment here is threadbare. In Counts Two and Three, the Indictment alleges that the "United States Capitol and its grounds" were a "restricted building and grounds" because the area was

1

"posted [as restricted], cordoned-off, and otherwise restricted." Additionally, the Indictment alleges that the then-"Vice President [Michael R. Pence] and Vice President-elect [Kamala D. Harris] were temporarily visiting" the United States Capitol and its grounds at the time of Defendant's entry into the area.

It appears that Indictment's allegation as to Vice President-elect Harris may be incorrect. As the Government has explained in numerous cases, Vice President-elect Harris left the Capitol building and grounds at some point during the morning of January 6, 2021. *See* Trans. at 34:4-21, *United States v. Ibrahim*, Crim. A. No. 21-496 (TJK) (Oct. 27, 2022). By the time Defendant entered Capitol grounds in the afternoon, Vice President-elect Harris was sheltering at the Democratic National Headquarters blocks away from the Capitol as law enforcement worked to disarm a nearby pipe-bomb. H.R. Rep. 117-663 at 706 (Dec. 22, 2022). Across hundreds of cases arising from the insurrection of January 6, 2021, the Government began to remedy this purported factual error, either by moving to strike the relevant language from the operative charging document or superseding the operative charging document. *E.g.*, Superseding Information, ECF No. 39, *United States v. Rivera*, Crim. A. No. 21-060 (CKK) (Apr. 4, 2022). However, the Government did not do so here.

A cursory review by the Court has identified four such cases in which defense counsel here was counsel of record in a case in which the Government remedied the purported error.[1] It is therefore incorrect for defense counsel to suggest that "the defense could not have known from the face of the indictment alone that it was defective." Mot. at 1. Over a thousand charging documents

---

[1] *E.g.*, ECF No. 55, *United States v. Strand*, Crim. A. No. 21-85 (CRC) (Government action taken to correct error on Mar. 1, 2022); ECF No. 43, *United States v. Egtvedt*, Crim. A. No. 21-177 (CRC) (Nov. 10, 2021); ECF No. 24, *United States v. Eckerman*, Crim. A. No. 21-623 (CRC) (Apr. 27, 2022); ECF No. 59, *United States v. Nichols*, Crim. A. No. 21-117 (RCL) (Nov. 10, 2021).

have been filed in January 6-related cases, and defense counsel was alerted to the purported defect in at least four such cases. Defense counsel has tried multiple January 6-related trials in the recent past, and evidence regarding Vice President Pence's whereabouts on January 6, 2021 has been standard across such cases. *Compare, e.g.*, *United States v. Rivera*, 607 F. Supp. 3d 1, 4 (D.D.C. 2022) *with United States v. Grider*, --- F. Supp. 3d ---, 2022 WL 17829149, at *2 (D.D.C. Dec. 21, 2023) *and United States v. MacAndrew*, Crim. A. No. 21-730 (CKK), 2023 WL 196132, at *2 (D.D.C. Jan. 17, 2023). Defense counsel was therefore on notice of the alleged defect from the face of the indictment in this case and in light of defense counsel's involvement in related cases.

## II. DISCUSSION

As a threshold matter, it is unclear whether Defendant intends to rely on Rule 12 or Rule 29 or both. To the extent that Defendant relies on Rule 12, the motion is untimely. A motion challenging "a defect in the indictment or information" "*must* be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B) (emphasis added). A Court may only consider an untimely challenge to a defective indictment upon good cause shown. *Id.* (c)(3). The Motion, to the extent it is advanced under Rule 12, is clearly untimely. Nor can Defendant demonstrate good cause.

Generally, a party can demonstrate "good cause" only if they can show some reason why they could not have challenged the defect in the time required by Rule 12. *See, e.g.*, *United States v. Doost*, 3 F.4th 432, 437 (D.C. Cir. 2021) (ineffective assistance of counsel). A tactical decision to delay investigating an argument does not suffice. *See, e.g.*, *United States v. Lorenzana-Cordon*, Crim. A. No. 03-311-13, 14 (CKK), 2017 WL 11493918, at *10 (D.D.C. June 2, 2017). Nor can any delay be excused where the defect is apparent from the face of the charging instrument. *See*

3

*United States v. Weathers*, 186 F.3d 948, 954 (D.C. Cir. 1999).

Indeed, delayed challenge to a defect of which defense counsel was on notice is precisely the sort of dilatory conduct against which Rule 12(c) guards. As *Weathers* explains,

> [i]f [a] defendant[] were allowed to flout [Rule 12's] time limitations, . . . there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in the hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when prosecution might well be difficult.

*Id.* at 953. Here, defense counsel was on notice that a minor factual averment in the charging instrument was inaccurate. Based on defense counsel's involvement in related cases, defense counsel was also on notice that identifying the error would have simply resulted in a superseding information. To the extent that Defendant considers the factual averment a "defect" in the indictment, Defendant has not shown good cause for the Motion's consideration.

In Defendant's papers, Defendant now relies on Rule 29. A Rule 29 motion is generally predicated on insufficient evidence. Fed. R. Evid. 29(a); *United States v. Weisz*, 718 F.2d 413, 438 (D.C. Cir. 1983). The question on a Rule 29 motion is whether there is any "evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Treadwell*, 760 F.2d 327, 333 (D.C. Cir. 1985). Reliance on that rule is therefore inapposite under present circumstances. The legal relevance of Vice President Pence's or Vice President-elect Harris' presence at the Capitol is limited exclusively to whether the area was "restricted" within the meaning of 18 U.S.C. § 1752. For that purpose, the Government must show in January 6-related cases either that the Capitol building and grounds were restricted while a "person protected by the Secret Service is or will be temporarily visiting" or that the Capitol building and grounds were "restricted in conjunction with an event designated as a special event of national significance." *Id.* § 1752(c)(1)(A), (C). At the very least, the Government proved, through the

parties' stipulation, the first salient predicate: that *someone* under Secret Service protection was present at the Capitol when Defendant entered. *See* Stipulation, ECF No. 127 at 5 (the Capitol building and grounds were a "posted, cordoned off, or otherwise restricted area whether [] Vice President [Pence] and members of his immediate family were and would be temporarily visiting"). A Rule 29 challenge must, therefore, fail.

    Presumably, Defendant meant to rely on Rule 33(a) to move for a new trial, which is focused on a conviction's vacatur when "the interest of justice so requires." Granting a new trial "is warranted only in those limited circumstances where a serious miscarriage of justice may have occurred." *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (cleaned up). Reading between the lines, it seems that Defendant advances a due-process challenge, arguing, in effect, that the Government constructively amended or varied from the Indictment. *See* ECF No. 138 at 2 ("[A] person cannot be convicted of 'an offense that is different from that alleged in the grand jury indictment.'" (quoting *United States v. Quinn*, 401 F. Supp. 2d 80, 91 (D.D.C. 2005)). In advance of trial, *Quinn* held an indictment legally insufficient where it failed to allege the offense's requisite *mens rea*. 401 F. Supp. 2d at 90. In this post-trial context, such an argument is framed not as an argument that the indictment is legally insufficient (here, the instant indictment *is* legally sufficient), but rather as an argument that the factfinder might impermissibly convict based on some material divergence from the charging document at trial. *See United States v. Sayan*, 968 F.2d 55, 59 (D.C. Cir. 1992).

    The law recognizes two such diversions: variances and amendments. The Government varies from the charging document where the evidence at trial proves facts materially different from those alleged in the indictment. *See United States v. Lorenzana-Cordon*, 949 F.3d 1, 4 (D.C. Cir. 2020). A conviction may only be vacated where the variance had a "substantial and

injurious effect or influence in determining the jury's verdict." *United States v. Baugham*, 449 F.3d 167, 174 (D.C. Cir. 2006). No such issue arises here, because the Court, as factfinder, will not convict on bases not alleged in the indictment or unproven beyond a reasonable doubt.

Slightly different, an amendment occurs where "the evidence presented at trial *and* the instructions given to the jury so modified the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." *United States v. Toms*, 396 F.3d 427, 436 (D.C. Cir. 2005) (emphasis original) (internal quotation marks omitted). Here, the indictment advanced two factual grounds to conclude that the Capitol building and grounds were restricted: (1) Vice President Pence's presence, and (2) Vice President-elect Harris' presence. The evidence is sufficient as to the former. The Government having relied on a sufficient, but narrower, set of facts "that suffices to establish the elements of the crime charged," there is, therefore, no due process issue. *See United States v. Coughlin*, 610 F.3d 89, 105 (D.C. Cir. 2010).

### III.  CONCLUSION

In sum, both pretrial and post-trial challenge to the indictment's evidently erroneous allegation regarding Vice President-elect Harris fail. The Court therefore **DENIES** Defendant's [136] Motion to Dismiss Counts Two and Three of the Indictment. An appropriate order accompanies this memorandum opinion.

Dated: May 5, 2023                                   /s/
                                                     COLLEEN KOLLAR-KOTELLY
                                                     United States District Judge